United States Courts
Southern District of Texas
FILED

*May 27, 2026*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NO.: S-4:25-CR-267** |
| | § | |
| **v.** | § | **18 U.S.C. § 371** |
| | § | **Conspiracy to Commit Wire Fraud** |
| **TYNEZA P. MITCHELL** | § | **(Count 1)** |
| **and** | § | |
| **SPENCER L. MITCHELL,** | § | **18 U.S.C. § 1343** |
| **Defendants.** | § | **Wire Fraud (Counts 2-6)** |
| | § | |
| | § | **18 U.S.C. § 1956(h)** |
| | § | **Conspiracy to Commit Money** |
| | § | **Laundering (Count 7)** |
| | § | |
| | § | **18 U.S.C. § 1956(a)(1)(B)(i))** |
| | § | **Concealment Money Laundering** |
| | § | **(Count 8)** |
| | § | |
| | § | **18 U.S.C. § 1957** |
| | § | **Engaging in a Monetary Transaction** |
| | § | **with Criminally Derived Property** |
| | § | **(Counts 9-10)** |

**<u>FIRST SUPERSEDING INDICTMENT</u>**

THE GRAND JURY CHARGES THAT:

**<u>COUNT ONE</u>**
**(Conspiracy: 18 U.S.C. § 371)**

**A. <u>INTRODUCTION</u>**

1.    From in or about October 28, 2020, through in or about March 17, 2022, in the

Houston Division of the Southern District of Texas, and elsewhere,

**TYNEZA P. MITCHELL
and
SPENCER L. MITCHELL,**

defendants herein, along with other co-conspirators, known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the United States government and specifically the COVID-19 Claims Reimbursement to Health Care Providers and Facilities for Testing, Treatment, and Vaccine Administration for the Uninsured Program, commonly referred to as the "HRSA COVID-19 Uninsured Program," (HRSA Uninsured Program) by causing false and fraudulent paperwork to be submitted to HRSA Uninsured Program claiming in-person office visits and consultations for uninsured patients who were tested for COVID-19 when in fact no such visits or consultations took place, all while in the Houston, Texas area, as more fully set forth below.

2.   At all times material to this indictment, during the COVID-19 pandemic Congress passed and the President signed into law several legislative acts designed to provide financial assistance and reimbursements to health care providers treating uninsured individuals.   One such law, commonly known as the CARES Act, initially appropriated $100 billion in relief funds and was intended for health care providers to prevent, prepare for, and respond to the coronavirus.   A portion of this funding, provided through the "Provider Relief Fund," supported COVID-19 testing and treatment of uninsured individuals.   Multiple additional federal programs and acts appropriated monies to reimburse providers for either the testing or treatment of COVID-19 for uninsured individuals.

3.   At all times material to this indictment, the Health Resources and Services Administration ("HRSA"), a federal agency that is part of the U.S. Department of Health and Human Services ("HHS"), oversaw and administered these funds for the testing or treatment of COVID-19 for uninsured individuals through the HRSA Uninsured Program. HRSA contracted with UnitedHealth Group to provide infrastructure for the HRSA Uninsured Program for, among

2

other things, a process for patient identification and a system to handle claims processing, which includes the reimbursement to approved providers for COVID-19-related testing and treatment.

4. Participating in the HRSA Uninsured Program typically involved a provider: (1) enrolling in HRSA; (2) submitting Patient Rosters to HRSA; and (3) submitting claims to HRSA.

5. As used in this indictment, the term "Billing Codes" refers to "Current Procedural Terminology" (CPT) codes, generally 5 digits in length, established by the American Medical Association to identify types of medical procedures performed and streamline identification of services rendered by qualifying doctors.

6. At all times relevant, these CPT billing codes would then be submitted to HRSA for reimbursement. Amounts of reimbursement are directly tied to billing codes submitted. For example, CPT code 99202 designates a "office or outpatient visit for the evaluation and management of a new patient" where treating physicians "typically spend 20 minutes face-to-face" with the patient or family. Likewise, CPT code 99212 designates the same "face-to-face" "office or out-patient visit" for established patients except that medical problems may be "minor or uncomplicated" and such visits typically take 10 minutes.

7. CPT billing codes, as used in this indictment, triggered reimbursement by the federal government to qualified, submitting providers. The HRSA Uninsured Program required reimbursement submissions to be accompanied by the names and license numbers of properly credentialed medical personnel, generally physicians, before payment would be considered.

8. Additionally, payment for properly submitted CPT codes referencing uninsured patients via HRSA was made by Optum Bank Treasury, an entity contracted to deliver payment for the HRSA based on submitted and accepted claims, which was and is located in, and dispersed monies from, Draper, Utah, all such funds moving via interstate wire transfer.

9.     At all times material to this indictment, TYNEZA P. MITCHELL and SPENCER L. MITCHELL resided in, operated the following scheme in, and committed the following overt acts in the Southern District of Texas, specifically in and around Houston, and Harris County, Texas. Further, at all times material, TYNEZA MITCHELL and SPENCER L. MITCHELL were, and are, a legally married couple residing in and around the Harris County, Texas area.

10.    Defendant TYNEZA MITCHELL was and is a licensed family nurse practitioner. As such, during the relevant period, she was qualified to provide basic medical care without the oversight of a fully licensed physician.  Additionally, TYNEZA MITCHELL had the ability to prescribe tests, diagnose patients, and to subsequently bill appropriate parties for the cost of her services.  TYNEZA MITCHELL was able to render care under her state-issued certification number ending xx2908 and billed under certification number xx1202.

11.    Beginning in November 2019, TYNEZA MITCHELL was the registered owner and operated "COMPREHENSIVE CARE CLINIC" (CCC) with a listed address located within the Southern District of Texas.     During this time period, the physical location of CCC was a small office between a martial arts studio and a barber shop in a strip mall located in Spring, Harris County, Texas.

12.    In and around January 2021, TYNEZA MITCHELL and CCC pivoted from operating as a small community health clinic to service the COVID-19 testing arena, despite having no experience in the field.    From January 2021 through roughly April 2022, TYNEZA MITCHELL and CCC primarily billed for the treatment of uninsured COVID-19 testing patients.

4

## B.    THE CONSPIRACY

13.    From in or about October 28, 2020, through in or about March 17, 2022, in the Houston Division of the Southern District of Texas, and elsewhere,

**TYNEZA P. MITCHELL**
**and**
**SPENCER L. MITCHELL,**

defendants herein, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit fraud and related activity in connection with wire fraud, in violation of Title 18, United States Code, Section 371 and Title 18 United States Code, Section 2.

14.    It was a part and object of the conspiracy that the defendants, along with other co-conspirators, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the grand jury, to execute a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations, documents and promises, by committing wire fraud, in violation of Title 18, United States Code, Section 371 and Section 2.

## C.    THE MANNER AND MEANS OF THE CONSPIRACY

15.    The defendants sought to accomplish the purpose of the conspiracy by, among other things, the following manner and means:

16.    Before the arrival of the COVID-19 pandemic, SPENCER L. MITCHELL maintained extensive business contacts with other individuals, including an individual operating in COVID-19 testing and sample collection arenas.    SPENCER MITCHELL introduced this person

to his wife TYNEZA MITCHELL with the express purpose of using her medical credentials to bill for services related to COVID-19 testing.

17.     At the inception of the scheme, SPENCER MITCHELL, TYNEZA MITCHELL and their contact in the COVID-19 sample collection and testing space exchanged a series of texts and emails in which both SPENCER MITCHELL and TYNEZA MITCHELL were instructed on which billing codes would be accepted for payment by HSRA.     In one of several examples, on March 4, 2021, all three individuals were included on an email in which they were instructed to bill for code 99202, as HSRA would not cover or pay for additional related claims made with that code. TYNEZA MITCHELL then relayed this information in emails including SPENCER MITCHELL to a third-party biller as to how to reimburse CCC for claims submitted to the HSRA Uninsured Program.

18.     During the time period at issue, TYNEZA MITCHELL, SPENCER MITCHELL, and CCC were able to obtain personal information for hundreds of individual citizens who sought free testing at multiple "pop-up" testing clinics, many of which were located in parking lots in and around the Houston area, which were primarily operated by a single local business.     This local business (the "Local Business") was owned and operated in the Southern District of Texas by an individual with whom both SPENCER and TYNEZA MITCHELL had extensive communication during the execution of this scheme.

19.     Using the patient information collected by the Local Business, TYNEZA MITCHELL submitted claims, along with billing codes and authorizations under her authorizing identification numbers, to eHealthSource Inc. (eHealthSource), a third-party medical billing company.     eHealthSource then billed the HRSA fund on behalf of CCC.

20. The submissions made by TYNEZA MITCHELL and CCC contained false and fraudulent billing codes. Specifically, the vast majority of billing codes submitted to eHealthSource by TYNEZA MITCHELL and CCC to induce reimbursement from HRSA designated in-person, out-patient visits conducted by TYNEZA MITCHELL herself. In fact, in no known case were any of the patients submitted for reimbursement actually seen in-person by TYNEZA MITCHELL in any capacity.

21. For example, TYNEZA MITCHELL submitted billing claims for the majority of the 2021 University of Houston Women's Basketball team, despite the fact that none of them knew who she was or visited her CCC clinic. Working with her husband SPENCER MITCHELL, TYNEZA MITCHELL submitted claims for purported in-person visits to her Comprehensive Care Clinic for a variety of people, generally from the Houston area, none of whom had ever met or been treated by TYNEZA MITCHELL. The majority of these claims seem to have been made on patients who had provided their personal information at "pop-up" or drive-up COVID Testing centers in the Houston area.

22. In total, between January 13, 2021, and March 17, 2022, TYNEZA MITCHELL, using her billing identification number xx1202, submitted 154,371 claims to the HRSA via eHealthsource Inc. The vast majority of the claims submitted contained CPT billing codes for in-person visits allegedly performed by TYNEZA MITCHELL herself. Of the claims examined, none could be confirmed as having been performed by TYNEZA MITCHELL or her CCC facility.

23. Additionally, TYNEZA MITCHELL and CCC billed HRSA for in-person visits and consultations in extreme and unrealistic volumes. Claimed patient visits per day and per doctor exceeded physical and human boundaries and were patently false on their face.

7

24.    The following examples represent some of the overt acts in which TYNEZA MITCHELL and SPENCER MITCHELL engaged to perpetuate the conspiracy:

a.    Using the data provided by SPENCER MITCHELL's contacts at the Local Business, for the date of December 28, 2021, TYNEZA MITCHELL and CCC submitted CPT codes for 2,669 individual visits and consultations allegedly performed by TYNEZA MITCHELL, equating to roughly one patient visit every 33 seconds for the entire 24-hour period.

b.    For the date of January 5, 2022, TYNEZA MITCHELL and CCC submitted CPT codes for 2,880 individual visits and consultations allegedly performed by TYNEZA MITCHELL, equating to roughly one patient visit every 30 seconds for the entire 24-hour period.

c.    For the date of January 6, 2022, TYNEZA MITCHELL and CCC submitted CPT codes for 2,770 individual visits and consultations allegedly performed by TYNEZA MITCHELL, equating to roughly one patient visit every 31 seconds for the entire 24-hour period.

d.    Over the course and scope of the scheme, TYNEZA MITCHELL transferred a total of $2,129,500.33 from CCC to the Local Business conducting COVID-19 testing on uninsured patients in and around the Houston area. Such payments were made in exchange for the names and personal identifying information of uninsured patients who had taken COVID-19 tests for which HRSA Uninsured Program would reimburse. For example, TYNEZA MITCHELL transferred the following amounts from CCC's Bank

of America account ending x2779 to two bank account for the Local Business, namely a Woodforest bank account ending in x7328 and a Wells Fargo bank account ending in x6078:

| Date | Amount Transferred | Receiving Bank Account and Remarks | Type of Transfer |
|---|---|---|---|
| July 01, 2021 | $35,821.43 | Woodforest Bank x7328 – "2nd Quarter Disbursement" | Cashier's Check |
| October 12, 2021 | $52,153.34 | Woodforest Bank x7328 – "3rd Quarter Disbursement" | Cashier's Check |
| January 10, 2022 | $57,636.58 | Wells Fargo Bank x6078 – "4th Quarter Disbursement" | Cashier's Check |
| March 07, 2022 | $1,971,713.89 | Wells Fargo Bank x6078 – No Memo | Wire |

25. False and fraudulent representations and submissions by TYNEZA MITCHELL and CCC were sent via wire transfer and email from Houston, Texas to eHealthSource, which in turn submitted these claims to the HRSA claims processing centers housed on servers located in Elk River and Chaska, Minnesota, all such communications moving in interstate commerce via wire transfer.   Additionally, payment for submitted CCC claims for uninsured patients was made by Optum Bank Treasury, the entity contracted to deliver payment for the HRSA accepted claims, which dispersed monies to TYNEZA MITCHELL and her company COMPREHENSIVE CARE CLINIC in Houston, Texas, from Draper, Utah, all such funds moving via interstate wire transfer.

In violation of Title 18, United States Code, Section 371 and Section 2.

## COUNTS TWO THROUGH SIX
### (Wire Fraud: 18 U.S.C. § 1343)

26.     Paragraphs 1-25 are incorporated and re-alleged herein.

27.     From October 2020, through in or about March 17, 2022, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

### TYNEZA P. MITCHELL

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money from the HRSA by means of false and fraudulent pretenses and representations and promises, knowingly submitting claims or causing claims to be submitted for the following services, ultimately causing HRSA to deliver via interstate wire transfer monies and funds made payable to the defendant's business CCC, as set out below:

| Counts | Patient Initials | Claimed Service Date | Claim ID Number | CPT Billing Code | HRSA Payment Date | HRSA Payment Number |
|---|---|---|---|---|---|---|
| 2 | M.A. | 10/29/2021 | DD77003491 | 99202 | 02/16/2022 | 730154128 |
| 3 | W.H. | 03/09/2021 | CR63713690 | 99202 | 06/22/2021 | 650285139 |
| 4 | L.B. | 10/23/2021 | DD71670160 | 99202 | 02/11/2022 | 9728528926 |
| 5 | K.J. | 10/23/2021 | DD71669383 | 99202 | 02/11/2022 | 9728528926 |
| 6 | T.H. | 10/23/2021 | DD77002363 | 99202 | 02/16/2022 | 730154128 |

All in violation of Title 18, United States Code, Section 1343.

10

## COUNT 7
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

28.   Beginning in or around March 1, 2021, and continuing through in or around October 31, 2023, in the Houston Division of the Southern District of Texas and elsewhere,

**TYNEZA P. MITCHELL**
**and**
**SPENCER L. MITCHELL,**

defendants herein, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957.

29.   It was a part of and an object of the conspiracy that **TYNEZA P. MITCHELL and SPENCER L. MITCHELL,** the defendants herein, and others known and unknown, knowing that the property involved in certain financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part:

(1) to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(2) to engage in monetary transactions in criminally derived property of value greater than $10,000 and derived from the specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT EIGHT
### Concealment Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

30. Paragraphs 1 through 27 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31. On or about the date listed below, in the Southern District of Texas, and elsewhere,

### TYNEZA P. MITCHELL
### and
### SPENCER L. MITCHELL,

defendants herein, conducted, attempted to conduct, aided and abetted others to conduct, and willfully caused others to conduct the following financial transaction, affecting interstate and foreign commerce, that in fact involved the proceeds of a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, knowing that (a) the property involved in the transaction represented the proceeds of some form of unlawful activity constituting a felony under state or federal law, and (b) the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of such specified unlawful activity:

| Count | Defendants | Approx. Date | Financial Transaction | Approx. Amount |
|-------|-----------|-------------|----------------------|----------------|
| 8 | SPENCER MITCHELL and TYNEZA MITCHELL | August 30, 2022 | Transfer of funds from a Bank of America account ending in 9807 and held in the name of STM Legacy Trust to CCC's Bank of America account ending in 2765. | $696,002.25 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

12

## COUNT NINE
### Engaging in a Monetary Transaction with Criminally Derived Property
### (18 U.S.C. § 1957)

32. Paragraphs 1 through 27 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

33. On or about the date listed below, in the Southern District of Texas, and elsewhere,

## TYNEZA P. MITCHELL,

defendant herein, did knowingly engage and attempt to engage in the following monetary transaction, by, through, and to a financial institution affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, a transfer and withdrawal of funds, such property being derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343:

| Count | Defendant | Approx. Date | Financial Transaction | Approx. Amount |
|---|---|---|---|---|
| 9 | TYNEZA MITCHELL | September 22, 2022 | Wire transfer from CCC's Bank of America account ending in 2765 for the purchase of a 2022 Mercedes Benz S580. | $171,664.88 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT TEN
### Engaging in a Monetary Transaction with Criminally Derived Property
### (18 U.S.C. § 1957)

34. Paragraphs 1 through 27 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

13

35. On or about the date listed below, in the Southern District of Texas, and elsewhere,

**SPENCER L. MITCHELL,**

defendant herein, did knowingly engage and attempt to engage in the following monetary transaction, by, through, and to a financial institution affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, a transfer and withdrawal of funds, such property being derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343:

| Count | Defendant | Approx. Date | Financial Transaction | Approx. Amount |
|-------|-----------|--------------|----------------------|----------------|
| 10 | SPENCER MITCHELL | February 20, 2023 | Purchase of a men's diamond ring from Tiffany & Co. with funds from CCC's Bank of America account ending in 2765. | $67,656.25 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**NOTICE OF CRIMINAL FORFEITURE**
**(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendants,

**TYNEZA P. MITCHELL**
**and**
**SPENCER L. MITCHELL,**

that in the event of conviction of the offenses charged in Counts One through Six of this Superseding Indictment, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

14

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendants,

### TYNEZA P. MITCHELL
### and
### SPENCER L. MITCHELL,

that in the event of conviction of the offenses charged in Count Seven through Ten of this Superseding Indictment, the United States will seek forfeiture of all property, real or personal, involved in money laundering offenses or traceable to such property.

### Specific Property Subject to Forfeiture

The defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

(a) the real property at 19114 Coleto Creek Bend, Cypress, Texas 77433 together with all improvements, buildings, structures and appurtenances, which is legally described as:

> Lot 10, Block 1, of Towne Lake, Section 39, a subdivision in Harris County, Texas, according to the Map or Plat thereof recorded under Film Code No. 687881 of the Map Records of Harris County;

(b)  one 2022 Mercedes S580 with VIN # W1K6G7GB2NA133002;

(c)  one 2023 Infinity QX60 with VIN # 5N1DL1FR0PC332075;

(d)  any and all remaining traceable funds that were cycled through STM Legacy Trust's Bank of America account ending in 9807.

**Money Judgment and Substitute Assets**

The United States gives notice that it will seek a money judgment against each of the defendants.   In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the amount of the money judgment.

**A TRUE BILL**

ORIGINAL SIGNATURE ON FILE

_____

FOREPERSON OF THE GRAND JURY

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas


By:    *Thomas Carter*
       THOMAS CARTER
       CHRISTINE LU
       Assistant United States Attorneys
       Southern District of Texas

16